IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Ervin McGee, Jr., #204267, ) | |
| ) | C/A No.: 8:05-1035-MBS-BHH |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| ) | |
| Shea Smith, Detective for Greenville ) | |
| County Sheriff's Office, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner James Ervin McGee, Jr. is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at the McCormick Correctional Institution in McCormick, South Carolina. Petitioner, appearing pro se, submitted to this court documents entitled "Criminal Complaint" and "Amendment to the Criminal Complaint" in which he appears to seek to press charges against Respondent Smith, a deputy investigator for the Greenville County Sheriff.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act of 1996. On April 14, 2005, the Magistrate Judge filed a Report and Recommendation in which she determined that Petitioner has no constitutional right to, or judicially cognizable interest in, the prosecution or non-prosecution of another person. The Magistrate Judge further noted that, to the extent that Petitioner seeks an order directing officers of the State of South Carolina to charge Respondents criminally, the complaint could be construed as a petition for writ of mandamus. The Magistrate Judge found, however, that the court is without jurisdiction to compel a state officer or official to perform a duty. Further, the Magistrate Judge noted that any allegations

that might be construed as arising under 42 U.S.C. § 1983 were barred by Heck v. Humphrey, 512 U.S. 477 (1994). Accordingly, the Magistrate Judge recommended that the case be summarily dismissed without prejudice and without requiring Respondent to file a return. In addition, the Magistrate Judge recommended that the case be deemed a "strike" under 28 U.S.C. § 1915(e)(2) and (g). Petitioner filed no response to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review of the record, the court concurs in the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The case is dismissed *without prejudice* and requiring Respondent to file a return. The case shall be deemed a "strike" under 18 U.S.C. § 1915(e)(2) and (g).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

May 13, 2005
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**